IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ERNNIE FLOWERS**                                                                                            **PLAINTIFF**

v.                                        Case No.: 4:19-CV-00385-LPR

**AMERICAN NATIONAL PROPERTY**                                                       **DEFENDANT**
**AND CASUALTY COMPANY**

## ORDER

On March 1, 2021, the Court ordered Plaintiff's counsel, Donald Chaney, "to immediately pay $3,596.25 to" American National Property and Casualty Company ("ANPAC") as a result of his misconduct during discovery.[1] On March 4, 2021, Mr. Chaney asked by email to be allowed to withhold payment until "after the Court rules upon Plaintiff's motion for reconsideration that [Mr. Chaney was] working to have filed." ANPAC had no objection. The Court consented.

Fast forward nine months. The Court has held the trial, the jury returned a verdict in favor of ANPAC, and judgment has been entered in favor of ANPAC. The Judgment did not make mention of Mr. Chaney's obligation to pay ANPAC the $3,596.25. ANPAC has now asked the Court to amend the Judgment to reflect this obligation so that the payment may be immediately enforced.[2] In response to ANPAC's Motion to Amend the Judgment, Mr. Chaney finally filed his Motion for Reconsideration.[3] For the reasons that follow, Mr. Chaney's Motion for Reconsideration is DENIED, and ANPAC's Motion to Amend the Judgment is GRANTED.

---

[1] *See* Final Sanctions Order (Doc. 80); *see also* First Sanctions Order (Doc. 51).

[2] Def.'s Mot. to Amend Judgment (Doc. 122).

[3] Pl.'s Mot. for Reconsideration (Doc. 125).

## DISCUSSION

Motions for reconsideration may arise under Federal Rule of Civil Procedure 59 or 60. Mr. Chaney has not made it clear under which rule he makes his Motion. Because Mr. Chaney's Motion seeks to "relive a party or its legal representative from a final judgement, order, or proceeding," the Court will proceed under Rule 60.[4] Rule 60 contemplates six factual scenarios in which relief may be appropriate:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.[5]

Mr. Chaney's Motion does not fit within any of these six grounds for relief. Mr. Chaney's Motion merely regurgitates the arguments he made against the Court's potential sanction the first time around. Rule 60 "is not a vehicle for simple reargument on the merits."[6] Even Mr. Chaney seems to concede that his instant Motion brings nothing new to the table. He acknowledges that the facts presented in it "were documented in Plaintiff's Combined Response to the Court's [Sanctions] Order," and his instant Motion ends by incorporating those prior arguments by

---

[4] Fed. R. Civ. P. 60(b).

[5] *Id.*

[6] *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

reference.[7] Mr. Chaney's arguments did not persuade the Court back then, and these arguments have not become more persuasive with the passage of time.

Moreover, Mr. Chaney's Motion for Reconsideration is not timely. A Motion for Reconsideration under Rule 60(b) must be "made within a reasonable time."[8] "What constitutes a reasonable time is dependent on the particular facts of the case in question . . . ."[9] The Court first determined that sanctions were appropriate on April 6, 2020.[10] At that time, the Court requested that ANPAC submit a supplemental brief containing its "reasonable expenses" caused by Mr. Chaney's misconduct.[11] The Court also gave Mr. Chaney the opportunity to respond in order to "argue why he should not be sanctioned . . . ."[12] Mr. Chaney submitted that response on August 6, 2020.[13] The Court, after considering Mr. Chaney's response, concluded that sanctions were appropriate and entered an Order requiring (among other things) the immediate payment of $3,596.25 on March 1, 2021.[14] Three days later, in an email to the Court and ANPAC, Mr. Chaney indicated that he was "working" on a Motion for Reconsideration. Nine months passed without Mr. Chaney filing the reconsideration motion or even mentioning it again. When he finally did submit the Motion (after trial, and in response to ANPAC's counsel seeking enforcement of the

---

[7] Pl.'s Mot. for Reconsideration (Doc. 125) at 2, 5.

[8] Fed. R. Civ. P. 60(c)(1). Motions made under Rule 60(b)(1), (2), and (3) must be made within a reasonable time not to exceed one year after the entry of the judgment or order. *Id.* Even if (1), (2), or (3) applied here (they do not), one year is a cap, not a substitute for the reasonableness analysis. *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 461 (8th Cir. 2000) (holding that Rule 60 "relief was not timely sought, notwithstanding that the motion was made within the one year specified by the Rule. A 60(b) motion also must be brought within a 'reasonable time . . .'"); *see also Sorbo v. United Parcel Service*, 432 F.3d 1169, 1178 (10th Cir. 2005) (discussing "circuit decisions clarifying that [Rule 60] motions filed within the one-year limitation may still be barred under the reasonable-time limitation, depending on relevant circumstances").

[9] *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999).

[10] First Sanctions Order (Doc. 51).

[11] *Id.* at 30.

[12] *Id.* at 31.

[13] Pl.'s Combined Resp. to Court's Order and Def.'s Mot. to Strike (Doc. 58).

[14] Final Sanctions Order (Doc. 80).

3

sanctions), the Motion was little more than a request that the Court re-read the same arguments it had already rejected. Nine months is not "within a reasonable time" under these circumstances.

## CONCLUSION

For the foregoing reasons, Mr. Chaney's Motion for Reconsideration is DENIED. ANPAC's Motion to Amend Judgment is GRANTED. An amended Judgment is forthcoming. IT IS SO ORDERED this 20th day of December 2021.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE